DAVID J. KAMINSKI, ESQ. (State Bar No. 128509)
KaminskiD@cmtlaw.com
STEPHEN WATKINS, ESQ. (State Bar No. 205175)
WatkinsS@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
ASSET ACCEPTANCE, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. KINDER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ASSET ACCEPTANCE, LLC and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 3:07-CV-02084-L-LSP<br><br>**DEFENDANT ASSET ACCEPTANCE, LLC'S FIRST AMENDED ANSWER TO COMPLAINT** |

**COMES NOW** Defendant, ASSET ACCEPTANCE, LLC, appearing for itself and for no other person, firm or entity, files its First Amended Answer to the Complaint of Plaintiff, JAMES M. KINDER, an individual, by admitting, denying and alleging as follows:

1. Answering Paragraph 1 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation.

2. Answering Paragraph 2 of the Complaint, Defendant admits each and every allegation contained therein.

3. Answering Paragraph 3 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation.

1

4. Answering Paragraph 4 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation.

5. Answering Paragraph 5 of the Complaint, no response is required.

6. Answering Paragraph 6 of the Complaint, no response is required.

7. Answering Paragraph 7 of the Complaint, the allegations set forth are conclusions of law and therefore, no response is required thereto.

8. Answering Paragraph 8 of the Complaint, defendant denies each and every allegation contained therein.

9. Answering Paragraph 9 of the Complaint, the allegations set forth are conclusions of law and therefore, no response is required thereto.

10. Answering Paragraph 10 of the Complaint, Defendant denies each and every allegation contained therein.

11. Answering Paragraph 11 of the Complaint, the allegations set forth are conclusions of law and therefore, no response is required thereto.

12. Answering Paragraph 12 of the Complaint, Defendant denies each and every allegation contained therein.

13. Answering Paragraph 13 of the Complaint, Defendant denies each and every allegation contained therein.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. As a separate, and alternative defense, Defendant states that Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

**(Estoppel)**

2. As further, separate, and alternative defenses, Defendant states that Plaintiff's claims are barred by reason of the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

3. As a further, separate, and alternative defense, Defendant states that Plaintiff should have taken action to minimize or eliminate any loss, injury, or damage, and Plaintiff is precluded from recovering damage, or Plaintiff's damage should be reduced, by operation of the doctrines of avoidable consequences or mitigation of damages.

### FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4. As a further, separate, and alternative defense, Defendant states that Plaintiff's claims are barred by reason of the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

5. Plaintiff's injuries, losses, or damages alleged in the Complaint were caused, or casually contributed to, by the comparative fault, negligence, negligence per se, assumption of the risk, and/or culpable conduct of the Plaintiff and the amount of damages, if any, that may be recovered by Plaintiff from defendant must be diminished in the proportion that Plaintiff's own conduct contributed to the cause of his alleged injuries, losses or damages.

### SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6. As a further, separate, and alternative defense, Defendant states that Plaintiff's claims are barred by reason of the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

### (Assumption of risk)

7. Plaintiff knowingly, intentionally, and voluntarily assumed the risk of the conduct, events, and matters alleged in the Complaint and the damages, if any incurred by Plaintiff are the direct and proximate result of the risk so assumed.

///

### EIGHTH AFFIRMATIVE DEFENSE

(*Volenti Non Fit Injuria*)

8.  Plaintiff has actively attempted to place himself in a position to be the subject of unwilling alleged violations of the Telephone Consumer Protection Act ("TCPA") statute at issue, and maintained that position to maximize his own purported damages and injuries. As such, plaintiff cannot complain of his alleged injuries or collect thereon.

### NINTH AFFIRMATIVE DEFENSE

(Unconstitutional Damages)

9.  The statute at issue was intended to restrict telemarketers, not those actively engaged in the collection of debt. In this factual context, enforcement of statutory damages against a debt collection agency or financial institution without prior notice would constitute imposition of unexpected, unfair, excessive, punitive, unlawful and constitutional damages.

### TENTH AFFIRMATIVE DEFENSE

(Unconstitutional Restriction of Business Communications)

10.  To the extent that defendant was provided plaintiff's number as the primary contact point for an account holder, permission implied or express existed for the calling of the number by defendant. Such contact under those circumstances involves Defendant's right of commercial free speech and is not actionable by law.

### ELEVENTH AFFIRMATIVE DEFENSE

(Comparative Fault of Third Parties)

11.  If Plaintiff suffered or sustained any damage or injury, either as alleged in the Complaint, or at all, the same was directly and proximately contributed to by the negligence, recklessness, carelessness, fault, and unlawful conduct of other parties or entities, whether or not parties to this action, and damages of Plaintiff, if any, shall be reduced in proportion to the amount of negligence and/or fault attributable to such other persons or entities, whether or not parties to this action.

## TWELFTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

12. Any violations of law, if any occurred, resulted from a bona fide error despite the maintenance of procedures reasonably adopted to avoid any such error.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Intent)

13. Plaintiff is not entitled to an award of any kind on the basis that Defendant lacked the requisite intent.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

14. Defendant alleges that the Complaint and the purported cause of action set forth therein, is barred, in that Plaintiff lacks standing to commence and proceed with this lawsuit.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Calls to Plaintiff Were Not Made By An Automatic Telephone Dialing System)

15. Any alleged call by Defendant to Plaintiff were not made by an automatic telephone dialing system.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff Was Not Charged For Call)

16. As Plaintiff was not charged for any alleged call by Defendant, his Complaint is not actionable under the TCPA.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff is Vexatious Litigant)

17. As Plaintiff has been previously designated a vexatious litigant, his Complaint is barred as a matter of law.

///

///

///

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

18. Plaintiff's alleged cause of action against Defendant is barred by the applicable statute of limitations.

## RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by reason of his Complaint and that judgment be rendered in favor of Defendant;
2. That Defendant be awarded its costs of suit incurred in defense of this action, including reasonable attorney's fees; and
3. For such other and further relief as the Court deems proper.

DATED: November 9, 2007          CARLSON & MESSER LLP

By _____
David J. Kaminski, Esq.
Stephen Watkins, Esq.
Attorneys for Defendant,
ASSET ACCEPTANCE, LLC

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

# PROOF OF SERVICE

STATE OF CALIFORNIA ) 
                                       ) ss. 
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, California 90045.

On **November 30, 2007**, I served the foregoing document described as: **DEFENDANT ASSET ACCEPTANCE, LLC'S FIRST AMENDED ANSWER TO COMPLAINT** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **(VIA U.S. MAIL)**
I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

☐ (BY PERSONAL SERVICE)
By causing to be personally delivering the document(s) listed above to the person(s) at the address(es) set forth on the attached service list.

☒ (Federal)
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (State)
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed this **30th day of November, 2007**, at Los Angeles, California.

_Sue A. Vigil_

05670.00/139657

**Kinder v. Asset Acceptance**
Our File No. 05670.00

Chad Austin, Esq.                                    Attorney for Plaintiff, JAMES M. KINDER
3129 India Street
San Diego, CA 92103-6014
Tel.: (619) 297-8888
Fax: (619) 295-1401

05670.00/139657