1  DAVID J. KAMINSKI, ESQ. (State Bar No. 128509)
   KaminskiD@cmtlaw.com
2  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
3  Los Angeles, California 90045
   (310) 242-2200 Telephone
4  (310) 242-2222 Facsimile

5  Attorneys for Defendant,
   ASSET ACCEPTANCE, LLC
6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10 | JAMES M. KINDER, an individual, | CASE NO. 3:07-CV-02084-DMS-AJB |
11 | Plaintiff, | |
12 | vs. | JOINT MOTION OF PLAINTIFF JAMES M. KINDER AND DEFENDANT ASSET ACCEPTANCE, LLC's REQUEST FOR TELEPHONIC EARLY NEUTRAL EVALUATION CONFERENCE ON JANUARY 8, 2008 FOR STATED REASONS |
13 | ASSET ACCEPTANCE, LLC and DOES 1 through 100, inclusive, | |
14 | Defendants. | |

TO THE HONORABLE COURT, TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that Plaintiff James M. Kinder and Defendant ASSET ACCEPTANCE, LLC ("Asset Acceptance") hereby jointly file this Motion to Request this Court to allow the parties to conduct the Early Neutral Evaluation Conference scheduled for January 8, 2008, *telephonically* for the following reasons:

1.    The above-entitled action was recently transferred to the Honorable Dana Sabraw.

2.    Plaintiff James M. Kinder has filed claims against Asset Acceptance for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3.    There are (nine) *Kinder* cases pending in the United States District Court for the Southern District of California, all of which are related and arise out of the same transactions and occurrences, namely alleged telephone calls made to Mr. Kinder's pager number (619) 999-9999

1

(the "9's number"). These cases are entitled:

1. *James M. Kinder v. Bankfirst, et al.* Case No. 3:07-cv-00877–DMS-POR – filed 5/15/07;
2. *James M. Kinder v. Sprint PCS Assets LLC,* Case No. 3:07-cv-02049-WQH-JMA – filed 10/26/07;
3. *James M. Kinder v. Asset Acceptance, LLC.,* Case No. 3:07-cv-02084-DMS-AJB – filed 10/30/07;
4. *James M. Kinder v. Astra Business Services, Inc.,* Case No. 3:07-cv-02091-H(JMA) – filed 10/31/07
5. *James M. Kinder v. Nationwide Recovery Systems, LTD,* Case No. 3:07-cv-02132H( CAB) – filed 11/7/07
6. *James M. Kinder v. Discovery Card Services, Inc.,* Case No. 3:07-cv-02138-WQH-BLM – filed 11/7/07
7. *James M. Kinder v. Enhanced Recovery Corporation,* Case No. 3:07-cv-02152-DMS-AJB – filed 11/8/07
8. *James M. Kinder v. Harrah's Entertainment, Inc.,* Case No. 3:07-cv-02226-H(RBB) – filed 11/21/07; and
9. *James M. Kinder v. Calvary Investments, LLC.,* Case No. 3:07-cv-02274-IEG-WMC – filed 12/4/07

4. In the subject *Kinder v. Asset* lawsuit, Mr. Kinder has alleged that Asset called his (619) 999-9999 number using an "automatic telephone dialing system" or an "artificial or pre-recorded voice." Plaintiff seeks $500 for each call and $1,500 for each call that is found to have been willful. (See Plaintiff's Complaint).

5. In Plaintiff's Complaint, Plaintiff alleges approximately 607 violations of the TCPA. In this regard, Plaintiff seeks damages in the approximate sum of $607,000.

6. Plaintiff has also filed more than one hundred lawsuits under the TCPA in the California Superior Court, for the County of San Diego, alleging virtually substantially identical transactions, happenings, and events. Counsel for Defendant in the present action is counsel for

1  seven (7) Defendants in the State Superior Court actions.

2  　　　7.　　There are very complex and novel issues and that defenses concern the TCPA
3  claims asserted by Mr. Kinder in Plaintiff's Complaint in the subject action, and in the related
4  actions, and in the more than one hundred actions filed in the California Superior Court. In light of
5  the foregoing, Defendant intends to vigorously defend against the claims and causes of action.

6  　　　8.　　The defense of the current claims and causes of action have serious ramifications to
7  Asset Acceptance as well as the other Defendants in the related cases.

8  　　　9.　　In light of the foregoing and after numerous discussions with Plaintiff's counsel,
9  Chad Austin, both parties agree that an in-person Early Neutral Evaluation Conference would not
10 be productive. The parties also agree that Defendant would incur exorbitant expenses in having to
11 fly its representative with authority to settle to the ENE when meaningful settlement negotiations at
12 this stage of the case, in light of the volatile nature of the claims and causes of action asserted
13 herein and the related *Kinder* cases, would not be productive.

14 　　　10.　　Pursuant to the foregoing, the parties *respectfully request* that this Court allow both
15 Plaintiff and Defendant to conduct the Early Neutral Evaluation Conference scheduled for January
16 8, 2008 *telephonically* with counsel only present. If this Court requests, Defendant can have its
17 authorized representative with authority to settle on telephonic stand-by, if necessary.

18 　　　11.　　The above request by the parties made in this Joint Motion is made to facilitate the
19 Early Neutral Evaluation Conference and is not made to thwart the purposes of such a conference.
20 Rather, in light of the fairly novel nature of the claims and defenses at issue, the parties believe
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

that a telephonic Early Neutral Evaluation Conference would be the most productive manner in which to conduct such conference under the circumstances.

DATED: December 14, 2007						LAW OFFICE OF CHAD AUSTIN

										By   s/Chad Austin, Esq.
										        Attorneys for Plaintiff,
										        JAMES M. KINDER

DATED: December 14, 2007						CARLSON & MESSER LLP


										By   s/David J. Kaminski, Esq.
										        Attorneys for Defendant,
										        ASSET ACCEPTANCE, LLC

05670.00/140124												CASE NO. 3:07-cv-02084-L-LSP